JOHN W. MINOR *v.* STEAMBOAT PICAYUNE No. 2.

In an action brought to recover damages alleged to have been suffered by plaintiff in consequence of a collision between his schooner and a steamboat, occasioned by the want of care on the part of such steamboat—*Held :* That the towage, costs of materials and repairs, to make the vessel as good as before, and her expenses while undergoing repairs, are the elements of damage to be estimated by the court. The remote or consequential damages, growing out of the supposed loss of profits, should not be considered.

APPEAL from the District Court of the Parish of St. Mary, *Voorhies,* J. *H. C. & T. G. Wilson,* for plaintiff. *R. N. McMillan,* for defendant and appellant.

SPOFFORD, J. This action was brought to recover the damages alleged to have been suffered by the plaintiff, in consequence of a collision in the Atchafalaya River, between his schooner, the "Creole," and the steamer "Picayune No. 2." There was a judgment in favor of the plaintiff for $368, and the defendant has appealed.

It is insisted that the steamer was not in fault, or that the injury might have been avoided by ordinary care on the part of the schooner.

But it seems from the evidence, that every thing was done by the master of the schooner that could have been done to avoid the collision, and that she was in her proper place, with a light in her fore-shroud, hugging the shore so close that her keel was dragging in the mud. It was a clear star-light night, the river was wide, and the conclusion is irresistible, that there was a want of due care on the part of the steamer.

As to the amount of damages, we find the evidence vague, conjectural, and inconsistent. The immediate, and not the remote or consequential damages, should be considered. The towage, costs of materials and repairs to make the vessel as good as before, and her expenses while undergoing repairs are the elements of damage to be estimated by the court, and not the supposed loss of profits. *Smith* v. *Coudry,* 1 Howard, 35 ; *Myers* v. *Perry,* 1 An. 375.

It was probably in the power of the plaintiff to produce his bills for materials and repairs, and thus show the actual injury sustained by him. Instead of this, he has chosen to rely upon the opinions of witnesses who saw the schooner. One of the plaintiff's witnesses supposes the total damage to have been $350, and another that the carpenter's work would be worth $150 ; while one of the defendant's witnesses, a ship carpenter, says he would have repaired her and furnished materials for $90.

Under this evidence, we do not think that more than $200 dollars should be allowed.

It is, therefore, ordered, that the principal sum awarded to the plaintiff as damages be reduced from three hundred and sixty-eight dollars to two hundred dollars, and that, as thus amended, the judgment of the District Court be affirmed, the plaintiff to pay the costs of this appeal.